IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-01155-JD |
| TIMOTHY DEGUISTI, et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

Plaintiff R. Wayne Johnson, appearing *pro se*, initially filed his Original Complaint [Doc. No. 1-2] in the District Court for Oklahoma County, Oklahoma. Defendants Robert Troester and Emily Fagan then timely removed this action to this Court [Doc. No. 1]. Upon screening pursuant to 28 U.S.C. § 1915A, Magistrate Judge Gary M. Purcell determined that Plaintiff's Original Complaint failed to state any claim for which relief may be granted and recommended that this action be dismissed. Report and Recommendation [Doc. No. 8] at 9.

Although Plaintiff did not file an objection to the Report and Recommendation before the December 29, 2021 deadline, he did file a motion entitled "Motion Produce Documents and Disqualify Counsel" [Doc. No. 9].[1] Generously construing that motion, Plaintiff seeks leave to amend his complaint. *Id.* at 7 ("Judge must file 'Amended Complaint' once I get paper on another unit; Sue state judges lack jurisdiction—Cindy

---

[1] By this Motion [Doc. No. 9], Plaintiff also seeks an order (1) directing the Clerk to provide a copy of a letter filed in a different case and (2) voiding a Texas Department of Criminal Justice mail rule. Plaintiff, however, has not identified any authority that compels or permits the Court to do either of these. Therefore, under Federal Rule of Civil Procedure 7(b), the Court denies without prejudice these portions of Plaintiff's Motion [Doc. No. 9].

Thrng—Shelia Stinson  (under 42 USC 1983): mandamus in Oklah. Sup. Ct now."). In the "Relief" section of the motion, Plaintiff asks the Court to "order me to amend complaint." *Id.*

Without waiting for the Court to rule on his motion, Plaintiff filed his Amended Complaint [Doc. No. 17]. The Amended Complaint does not name or assert claims against Timothy DeGiusti, Emily Fagan, or Robert Troester. Instead, it names and asserts claims against three new defendants: "Shelia Stension," "Cyndi Troung," and Erin Moore. *Id.*[2]

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court grants Plaintiff leave to amend his complaint and, as requested by Plaintiff, will treat the Amended Complaint as the operative pleading in this case. *See* Am. Compl. [Doc. No. 17] at 1 ("This is the live pleading by law."). Plaintiff's Amended Complaint thus "supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *see Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180–81 (10th Cir. 2015); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).

Since the Amended Complaint omits the original defendants—Timothy DeGiusti, Emily Fagan, and Robert Troester—they are dismissed from this action. Judge Purcell explained in his Report and Recommendation that Plaintiff also asserted a claim against the United States of America in his Original Complaint. [Doc. No. 8] at 8. The Amended

---

[2] Plaintiff alleges in the Amended Complaint that "Defendant Judges allowed my suits [without] jurisdiction." [Doc. No. 17] at 1. Judge Sheila Stinson and Judge Cindy Truong are judges in the District Court for Oklahoma County, Oklahoma.

Complaint omits any claim against the United States, and Plaintiff has disavowed any intention of asserting claims against federal defendants in this action. *See* Am. Compl. [Doc. No. 17] at 1 ("These 3 state defendants are the only ones sued; (no longer federal haters)"). The United States is thus also dismissed as a party to this action.

Since Plaintiff has abandoned the claims asserted in the Original Complaint and the original defendants are dismissed, all motions filed by or on behalf of the original defendants are moot. [Doc. Nos. 4, 5]. Further, Judge Purcell's Report and Recommendation [Doc. No. 8] analyzing the Original Complaint is moot.

The Amended Complaint asserts claims against governmental officers or employees of a governmental entity. Under 28 U.S.C. § 1915A, the Court is to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court therefore determines that screening pursuant to § 1915A is the next necessary step in this action.

IT IS THEREFORE ORDERED that Plaintiff R. Wayne Johnson's "Motion Produce Documents and Disqualify Counsel" [Doc. No. 9] is GRANTED in part, in that Plaintiff is granted leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and that the Amended Complaint [Doc. No. 17] is accepted as the operative pleading in this case. All other relief requested in that Motion [Doc. No. 9] is DENIED without prejudice.

IT IS FURTHER ORDERED that Timothy DeGiusti, Emily Fagan, Robert Troester, and the United States of America are dismissed from this action. The Motion

for Leave of the United States of America to Appear as *Amicus Curiae* [Doc. No. 4] and Defendants Robert Troester and Emily Fagan's Motion for Stay of Proceedings or, in the Alternative, Stay of all Pleading and Responsive Deadlines [Doc. No. 5] are DENIED as moot.

IT IS FURTHER ORDERED that since Plaintiff abandoned the claims asserted in the Original Complaint [Doc. No. 1-2], the Court DECLINES to adopt the Report and Recommendation [Doc. No. 8] and RE-REFERS this matter to United States Magistrate Judge Gary M. Purcell for screening under 28 U.S.C. § 1915A.

IT IS SO ORDERED this 11th day of May 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE